# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILDCAT LICENSING WI LLC,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | C.A. No. 19-834-MN-JLH |
| ) | |
| BAYERISCHE MOTOREN WERKE AG,           ) | |
| BMW MANUFACTURING CO., LLC, and           ) | |
| BMW OF NORTH AMERICA, LLC,           ) | |
| ) | |
| Defendants.           ) | |
| ) | |
| WILDCAT LICENSING WI LLC,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | C.A. No. 19-839-MN-JLH |
| ) | |
| FAURECIA S.A., FAURECIA USA           ) | |
| HOLDINGS, INC., FAURECIA INTERIOR           ) | |
| SYSTEMS, INC., FAURECIA           ) | |
| AUTOMOTIVE SEATING, LLC,           ) | |
| FAURECIA MADISON AUTOMOTIVE           ) | |
| SEATING, INC., FAURECIA EMISSIONS           ) | |
| CONTROL TECHNOLOGIES, USA, LLC,           ) | |
| FAURECIA EMISSIONS CONTROL           ) | |
| SYSTEMS NA, LLC, and FAURECIA           ) | |
| AUTOMOTIVE HOLDINGS, INC.,           ) | |
| ) | |
| Defendants.           ) | |
| ) | |
| WILDCAT LICENSING WI LLC,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | C.A. No. 19-840-MN-JLH |
| ) | |
| FCA US LLC,           ) | |
| ) | |
| Defendant.           ) | |
| ) | |

| | |
|---|---|
| WILDCAT LICENSING WI LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORD MOTOR COMPANY, )<br>)<br>Defendant. )<br>_____ ) | C.A. No. 19-842-MN-JLH |
| WILDCAT LICENSING WI LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENERAL MOTORS LLC, )<br>)<br>Defendant. )<br>_____ ) | C.A. No. 19-843-MN-JLH |
| WILDCAT LICENSING WI LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAGUAR LAND ROVER LIMITED and )<br>JAGUAR LAND ROVER NORTH )<br>AMERICA, LLC, )<br>)<br>Defendant. )<br>_____ ) | C.A. No. 19-844-MN-JLH |
| WILDCAT LICENSING WI LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEAR CORPORATION and LEAR )<br>AUTOMOTIVE MANUFACTURING, )<br>LLC, )<br>)<br>Defendant. )<br>_____ ) | C.A. No. 19-845-MN-JLH |

| | |
|---|---|
| WILDCAT LICENSING WI LLC,                )<br>                                                                  )<br>               Plaintiff,                          )<br>                                                                  )<br>        v.                                                   )         C.A. No. 19-846-MN-JLH<br>                                                                  )<br>MAGNA INTERNATIONAL INC.,         )<br>MAGNA INTERNATIONAL OF              )<br>AMERICA, INC., MAGNA POWERTRAIN )<br>INC., MAGNA POWERTRAIN OF           )<br>AMERICA, INC., MAGNA POWERTRAIN )<br>USA, INC., MAGNA SEATING OF           )<br>AMERICA, INC., MAGNA EXTERIORS   )<br>OF AMERICA, INC., MAGNA CLOSURES )<br>OF AMERICA, INC., and COSMA           )<br>INTERNATIONAL INC.,                         )<br>                                                                  )<br>               Defendant.                        )<br>                                                                  ) | |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion to Stay Pending *Inter Partes* Review. (C.A. No. 19-834-MN-JLH, D.I. 105; C.A. No. 19-839-MN-JLH, D.I. 95; C.A. No. 19-840-MN-JLH, D.I. 62; C.A. No. 19-842-MN-JLH, D.I. 74; C.A. No. 19-843-MN-JLH, D.I. 72; C.A. No. 19-844-MN-JLH, D.I. 73; C.A. No. 19-845-MN-JLH, D.I. 68; C.A. No. 19-846-MN-JLH, D.I. 85.[1])

On November 3, 2020, the Patent Trial and Appeal Board instituted *inter partes* reviews of all claims of both patents-in-suit. Plaintiff Wildcat Licensing WI LLC ("Plaintiff") does not oppose a stay provided that (1) the Court conditions any stay on each Defendant's agreement to be estopped under 35 U.S.C. § 315(e); (2) the Court permits Plaintiff to take two third-party depositions that were noticed after the PTAB's institution decision; (3) the Court requires

---

[1] The parties filed the same briefing in each of the above-captioned cases. Future citations to the docket will refer to C.A. No. 19-834-MN-JLH unless otherwise noted.

Defendants to respond to certain discovery requests relevant to obviousness that were served before the institution decision; and (4) the Court requires Defendants to comply with the November 24, 2020 deadline for service of their responsive claim construction brief.[2]

Whether to grant a stay is a matter committed to the Court's discretion. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). "Courts typically rely on three factors in determining whether a stay is appropriate: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017); *see also Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 30, 2019).

There are several ways in which a stay pending PTAB review may simplify the issues for trial. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (discussing the efficiencies created by a stay pending PTO review). In addition, four sets of defendants in these cases are petitioners in the IPRs and will be estopped under 35 U.S.C. § 315(e) from raising arguments that were raised or reasonably could have raised during the IPRs. The remaining, non-petitioner defendants have agreed "to a limited IPR estoppel as to the specific grounds that were raised in the IPRs and addressed in a final, non-appealable judgment (but not all other grounds that reasonably could have been raised in the IPRs)." (D.I. 117.) The first factor favors a stay.

---

[2] Plaintiff also requests, and Defendants don't oppose, that Plaintiff be permitted to utilize the Protective Order's dispute resolution mechanisms during a stay. Plaintiff, BMW, and Lear have also agreed that certain discovery may proceed notwithstanding a stay.

The second factor also favors a stay. This case is still in its early stages. The *Markman* hearing is currently scheduled for January 2021. Few depositions have been taken and expert discovery has not yet begun.

Nor would a stay unduly prejudice Plaintiff. All of the defendants are subject to statutory estoppel or have agreed to the limited estoppel described above. The PTAB has a discovery process of which Wildcat may avail itself should it seek evidence to use in that forum. Moreover, as discussed at the hearing on November 23, 2020, efficiency counsels against permitting discovery (and hearing discovery disputes) while these cases are stayed, except for those categories of discovery that the parties have agreed should proceed in order to keep the cases on the same schedule if and when litigation resumes.[3] The Court will not require Defendants to serve their responsive claim construction brief at this time; Plaintiff is aware of Defendants' claim construction positions from the parties' October 22, 2020 Joint Claim Construction Chart. (D.I. 93.)

Defendants' Motion to Stay Pending *Inter Partes* Review (D.I. 105) is therefore GRANTED. The above-captioned cases are STAYED pending final written decisions in the IPRs, and all dates and deadlines in the scheduling order are VACATED. The parties shall file a status report within thirty days of the issuance of any final written decision in the IPRs.

Dated: November 25, 2020

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge

---

[3] *See* n.2 *supra*.